UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE | CHAPTER 11 |
| CELEBRITY RESORTS, LLC | CASE NO.: 6:10-bk-03550-ABB |
| | **EMERGENCY RELIEF REQUESTED** |
| CELEBRITY RESORTS OF BRIGANTINE BEACH, LLC | CASE NO.: 6:10-bk-03551-ABB |
| CELEBRITY RESORTS OF INDIAN SHORES, LLC | CASE NO.: 6:10-bk-03552-ABB |
| CELEBRITY RESORTS OF KAUAI, INC | CASE NO.: 6:10-bk-03553-ABB |
| CELEBRITY RESORTS OF LAKE BUENA VISTA, LLC | CASE NO.: 6:10-bk-03554-ABB |
| CELEBRITY RESORTS OF ORLANDO, LLC | CASE NO.: 6:10-bk-03555-ABB |
| CELEBRITY RESORTS OF PALM COAST, LLC | CASE NO.: 6:10-bk-03556-ABB |
| CELEBRITY RESORTS OF RENO, LLC | CASE NO.: 6:10-bk-03557-ABB |
| CELEBRITY RESORTS OF STEAMBOAT SPRINGS, LLC | CASE NO.: 6:10-bk-03558-ABB |
| CELEBRITY RESORTS OF STEAMBOAT SPRINGS-HILLTOP, LLC | CASE NO.: 6:10-bk-03559-ABB |
| CELEBRITY RESORTS MANAGEMENT SERVICES, LLC | CASE NO.: 6:10-bk-03560-ABB |
| CELEBRITY RESORTS MANAGEMENT, LLC | CASE NO.: 6:10-bk-03561-ABB |
| CELEBRITY RESORTS OF CLEARWATER MANAGEMENT, LLC | CASE NO.: 6:10-bk-03562-ABB |
| CELEBRITY RESORTS OF COLORADO MANAGEMENT, LLC | CASE NO.: 6:10-bk-03563-ABB |
| CELEBRITY RESORTS OF FLORIDA MANAGEMENT, LLC | CASE NO.: 6:10-bk-03564-ABB |
| CELEBRITY RESORTS OF GENOA, LLC | CASE NO.: 6:10-bk-03565-ABB |
| CELEBRITY RESORTS OF HANALEI MANAGEMENT COMPANY, LLC | CASE NO.: 6:10-bk-03566-ABB |

| | |
|---|---|
| CELEBRITY RESORTS OF HAWLEY, LLC | CASE NO.: 6:10-bk-03567-ABB |
| CELEBRITY RESORTS OF KAUAI MANAGEMENT COMPANY, LLC | CASE NO.: 6:10-bk-03568-ABB |
| CELEBRITY RESORTS OF LAS VEGAS MANAGEMENT COMPANY, LLC | CASE NO.: 6:10-bk-03569-ABB |
| CELEBRITY RESORTS OF NEVADA GENOA MANAGEMENT, LLC | CASE NO.: 6:10-bk-03570-ABB |
| CELEBRITY RESORTS OF NEVADA MANAGEMENT COMPANY, LLC | CASE NO.: 6:10-bk-03571-ABB |
| CELEBRITY RESORTS OF NEW JERSEY MANAGEMENT COMPANY, LLC | CASE NO.: 6:10-bk-03572-ABB |
| CELEBRITY RESORTS CONNECTIONS, LLC | CASE NO.: 6:10-bk-03573-ABB |
| CELEBRITY RESORTS HOLDING COMPANY, LLC | CASE NO.: 6:10-bk-03574-ABB |
| CELEBRITY RESORTS RESERVATIONS, LLC | CASE NO.: 6:10-bk-03575-ABB |
| CELEBRITY RESORTS SALES & MARKETING, LLC | CASE NO.: 6:10-bk-03576-ABB |
| HILLTOP BAR & GRILL, LLC | CASE NO.: 6:10-bk-03577-ABB |
| LUCKY DUCK CAFÉ, LLC | CASE NO.: 6:10-bk-03578-ABB |
| OPTIMA FINANCIAL SERVICES, LLC | CASE NO.: 6:10-bk-03579-ABB |
| THE CLUB OF CELEBRITY RESORTS, LLC | CASE NO.: 6:10-bk-03580-ABB |
| VENEZIA CE, LLC | CASE NO.: 6:10-bk-03581-ABB |
| CELEBRITY RESORTS INTERNATIONAL MANAGEMENT SERVICES, LLC | CASE NO.: 6:10-bk-03582-ABB |
| CELEBRITY RESORTS INTERNATIONAL, LP | CASE NO.: 6:10-bk-03583-ABB |
| CELEBRITY RESORTS MANAGEMENT SERVICES, INC. | CASE NO.: 6:10-bk-03584-ABB |
| CELEBRITY RESORTS, INC. | CASE NO.: 6:10-bk-03585-ABB |

Debtors.

_____/

# DEBTORS' EMERGENCY MOTION FOR JOINT ADMINISTRATION OF CASES AND CERTIFICATE OF NECESSITY FOR EMERGENCY RELIEF

**CELEBRITY RESORTS, LLC** ("Celebrity Resorts"), and its thirty-five (35) affiliated and related debtors and debtors-in-possession, as shown on **Attachment 1** attached hereto (collectively, hereinafter referred to as the "Debtors"), file this motion pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") for joint administration of their respective chapter 11 cases ("Motion") and, in support, state as follows:

## Background

1. On March 5, 2010, Debtors filed petitions for relief under Chapter 11 of the Bankruptcy Code. Debtors are operating as debtors-in-possession, and no trustee has been appointed.

2. Since 2003, when Celebrity Resorts was founded, the Debtors have been engaged in the business of acquiring, developing and operating thirteen (13) vacation timeshare resorts in several states (the "Resorts"). As of the Petition Date, the Debtors have acquired and collectively own and operate thirteen Resorts, which are operated by entities that are either affiliates or related companies. Pursuant to various management agreements, Celebrity Resorts has the sole and exclusive right and obligation to manage and operate the numerous developments in the Debtors' development group (the "Development Group").

3. Pursuant to various management agreements, the Debtors' management group (the "Management Group") has the sole and exclusive right and obligation to manage and operate the Resorts. The Debtors' Management Group, in turn, works with the Debtors' sales, marketing, loan and administrative groups to facilitate the sale and rental of the Resorts' units. In addition, the Debtors participate in and receive revenue from "RCI Points," a global, points-based vacation exchange system that offers vacationers the opportunity to utilize points in

exchange for visiting vacation destination spots throughout the world, including those managed by the Debtors.

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5. With this Motion, the Debtors seek, pursuant to Bankruptcy Rule 1015(b), the joint administration of their chapter 11 cases for procedural purposes only.

## Basis for Relief

6. Bankruptcy Rule 1015(b) provides, in relevant part: "If a joint petition or two or more petitions are pending in the same court or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."

7. The Debtors are either "affiliates" as that term is defined in § 101(2) of the Bankruptcy Code or are related parties to affiliates. Accordingly, this Court is authorized to grant the relief requested herein.

8. Joint administration of the Debtors' chapter 11 cases will expedite the administration of these cases and reduce administrative expenses without prejudicing any creditor's substantive rights. For example, joint administration will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties-in-interest. The Debtors anticipate that numerous notices, applications, and other pleadings and motions in these cases will affect many or all of the Debtors. Joint administration will permit counsel for all parties-in-interest to include the Debtors' respective cases in a single caption on the numerous documents that will be filed and served in these cases. Joint administration also will enable parties-in-interest in each of the

above-captioned chapter 11 cases to be apprised of the various matters before the Court in all of these cases.

9.  Because these cases involve multiple Debtors with numerous potential creditors, the entry of an order of joint administration will: (i) significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court; (ii) simplify for the Office of the United States Trustee the supervision of the administrative aspects of these chapter 11 cases; (iii) render the completion of various administrative tasks less costly; and (iv) minimize the number of unnecessary delays associated with the administration of numerous separate chapter 11 cases. Additionally, because this is <u>not</u> a motion for the substantive consolidation of the Debtors' estates, the rights of parties-in-interest will not be prejudiced by the proposed joint administration of these cases, as each creditor may still file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.

10. Accordingly, the Debtors submit that joint administration of the above-captioned cases is in their best interests, as well as those of there respective estates, creditors, and other parties in interest.

11. In addition, the Debtors request that this Court approve the form of caption set forth on **Exhibit A** attached hereto. The Debtors submit that the use of this caption, without specific reference to every debtor, their states of incorporation, or their identification numbers, will eliminate cumbersome and confusing procedures and ensure uniformity of pleadings. All papers or pleadings will be docketed in the Lead Case only. When so filed and docketed, the pleading or paper so far as material and applicable will be deemed filed in the other bankruptcy cases as though filed and docketed therein. Accordingly, no pleading or paper after the order has

been entered shall be filed and docketed in the other related cases, with the exception of the Schedules and Statement of Financial Affairs, which shall be filed in their respective cases.

12. In instances where the relief requested in a pleading pertains to a specific Debtor or Debtors, the jointly-administered caption shall be modified to indicate the specific Debtor or Debtor to which the pleading or order applies, and the title, as well as the first paragraph, of the pleading or order shall indicate the specific Debtor or Debtors to which it applies. A form of the caption is attached hereto as **Exhibit B**.

13. Finally, the Debtors request that a docket entry reflecting the joint administration, in the form set forth in the proposed order attached hereto as **Exhibit C**, be made in each of the Debtors' cases.

### Notice

14. Notice of this Motion has been provided to the Office of the United States Trustee for the Middle District of Florida, the secured creditors (including counsel if known), the Debtors' 20 largest unsecured creditors on a consolidated basis (including counsel if known), and all parties requesting notices pursuant to Bankruptcy Procedure 2002. The Debtors submit that no other or further notice need be provided.

15. No previous motion for the relief sought herein has been made to this or any other court.

### CERTIFICATE OF NECESSITY FOR EMERGENCY RELIEF

16. Given the Complexity of Debtors' businesses, Debtors will be filing numerous motions in the first few weeks of these cases.

17. Without immediate joint administration, Debtors will be required to expend significant costs and resources preparing motions and other documents in each specific case.

18. Immediate joint administration will conserve substantial time and resources.

**WHEREFORE**, the Debtors respectfully request entry of an order granting the relief requested herein and granting the Debtors such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 8th day of March 2010.

/s/ R. Scott Shuker
R. Scott Shuker
Florida Bar No.: 984469
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
390 North Orange Ave., Suite 600
PO Box 3353 (32802-3353)
Orlando, FL 32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801
rshuker@lseblaw.com
jhollenkamp@lseblaw.com
Attorneys for the Debtors

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE

CHAPTER 11

CELEBRITY RESORTS, LLC, *et al.*,

CASE NO.: 6:10-bk-03550-ABB

Debtors.

## Certificate of Service

I HEREBY CERTIFY that a true copy of **DEBTORS' EMERGENCY MOTION FOR JOINT ADMINISTRATION OF CASES AND CERTIFICATE OF NECESSITY FOR EMERGENCY RELIEF**, together with all exhibits, has been furnished either electronically or by facsimile and by U.S. First Class, postage prepaid mail to: Celebrity Resorts, LLC, Attn: Jared M Meyers, CEO, 8451 Palm Parkway, Orlando, FL 32836; Martin Stone, General Counsel, Celebrity Resorts, LLC, 8451 Palm Parkway, Orlando, FL 32836; Steven E. Fox, Esq., a/f Textron Financial Corp., 250 Park Avenue, New York, NY 10177; the secured creditors and the twenty largest unsecured creditors as shown on the matrix attached to the original of this motion filed with the Court; and the U.S. Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801, this 8th day of March 2010.

/s/ R. Scott Shuker    RSS
R. Scott Shuker, Esq.

| | | |
|---|---|---|
| Abbott Printing Company<br>110 Atlantic Drive<br>Maitland, FL 32751 | Advantage Integration Technology<br>7525 Currency Drive<br>Orlando, FL 32809 | Aloha Bay Condo Assoc., Inc.<br>8451 Palm Parkway<br>Lake Buena Vista, FL 32836 |
| Andree, Robert & Andre<br>423 Parkside Dr<br>Sycamore, IL 60178 | Barratt/Seyler<br>1033 Newton Rd<br>Nevada City, CA 95959 | Brigantine Inn Resort Club<br>Condo Assoc<br>8451 Palm Parkway<br>Lake Buena Vista, FL 32836 |
| Brigantine Villas<br>Condo Association<br>8451 Palm Parkway<br>Lake Buena Vista, FL 32836 | Concord Servicing Corp<br>4725 N Scottsdale Road<br>Suite 300<br>Scottsdale, AZ 85251 | Dell Financial Services<br>4284 Collection Center Drive<br>Payment Processing Center<br>Chicago, IL 60693 |
| Dennis, Howard & Mary<br>307 Potomac Dr<br>Chocowinity, NC 28717 | Dugan Millenia LLC<br>600 E 96Th Street<br>Suite 100/A Attn:Pbmln001<br>Indianapolis, IN 46240 | Frazier Park Group<br>8414 W. Farm Road<br>Suite 180-444<br>Las Vegas, NV 89131 |
| Harbor Club Owners Assoc<br>8451 Palm Parkway<br>Lake Buena Vista, FL 32836 | Hilltop Resort Owners Assoc<br>8451 Palm Parkway<br>Lake Buena Vista, FL 32836 | Howard Jachens<br>PO Box 10952<br>Carson City, NV 89701 |
| International Escrow Svcs<br>1100 Peachtree Street NE<br>Suite 800<br>Atlanta, GA 30309 | Jensen, Rachelle<br>150 W Cardinal Way<br>Chandler, AZ 85286 | Kauai Producers, Ltd<br>PO Box 767<br>Lihue, HI 96766 |
| Leisure Real Estate Mgmt Inc<br>9200 Cypress Cove Drive<br>Orlando, FL 32839 | Panzl & Company, PA<br>PO Box 1984<br>Winter Park, FL 32790-1984 | Pender, James & Elizabeth<br>587 Colebrookdale Rd<br>Boyertown, PA 19512 |
| Reno Spa Resort<br>Owners Assoc Inc<br>8451 Palm Parkway<br>Lake Buena Vista, FL 32836 | Resort Condominiums Int'l<br>9998 N. Michigan Road<br>Carmel, IN 46032 | Resort World of Orlando<br>Management Inc<br>2514 Fisher Island Drive<br>Fisher Island, FL 33109 |
| Rocker Fruit Company<br>4499 W Irlo Bronson Memorial Highway<br>Kissimmee, FL 34746 | Strataforce<br>691 Front Street<br>Suite 220<br>Celebration, FL 34747 | The Oaks at Resort World<br>Condo Association<br>8451 Palm Parkway<br>Lake Buena Vista, FL 32836 |
| The Spas at Resort World<br>Condo Association<br>8451 Palm Parkway<br>Lake Buena Vista, FL 32836 | The Suites At Steamboat<br>Owners Assoc<br>8451 Palm Parkway<br>Lake Buena Vista, FL 32836 | The Villas At Resort World<br>Condo Association<br>8451 Palm Parkway<br>Lake Buena Vista, FL 32836 |

Celebrity Resorts, LLC
Attn: Jared M Meyers, CEO
8451 Palm Parkway
Orlando, FL 32836

Celebrity Resorts, LLC
Attn: Marty Stone, Esq.
8451 Palm Parkway
Orlando, FL 32836

Farmington Bank
Attn: President/Gen Mgr
9 Melrose Drive
Farmington, CT 06032

Fifth Third Bank
Attn: President/Gen Mgr
200 E Robinson St, Ste 800
Orlando, FL 32801

Quintus
Attn: President/Gen Mgr
213 W Wesley St, Ste 200
Wheaton, IL 60187

RBC Bank (USA)
Attn: President/Gen Mgr
75 Fifth Street, Ste 900
Atlanta, GA 30308

Resort Funding, LLC
Attn: President/Gen Mgr
360 S Warren St, 6th Floor
Syracuse, NY 13202

Textron Financial Corp
Attn: President
PO Box 3695
Boston, MA 02241

Steven E. Fox
a/f Textron Financial Corp
250 Park Avenue
New York, NY 10177

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | CHAPTER 11 |
| CELEBRITY RESORTS, LLC, | CASE NO.: 3:08-bk-03550-ABB |
| Debtor. _____/ | Jointly Administered with Cases 6:10-bk-03551-ABB to 6:10-bk-03585-ABB |

[MOTION TITLE]

<u>EXHIBIT B</u>

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | CHAPTER 11 |
| CELEBRITY RESORTS, LLC, *et al.*, | CASE NO.: 3:08-bk-03550-ABB |
| Debtors._____/ | Jointly Administered with Cases<br>6:10-bk-03551-ABB to 6:10-bk-03585-ABB |

<u>APPLICABLE DEBTOR</u>

Name of Specific Debtor:
(Case No. 6:10-bk-_____)
_____/

[TITLE OF MOTION]
[including name of applicable debtor]

EXHIBIT C – PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE | CHAPTER 11 |
| CELEBRITY RESORTS, LLC, *et al.*, | CASE NO.: 3:08-bk-03550-ABB |
| Debtors. _____/ | Jointly Administered with Cases 6:10-bk-03551-ABB to 6:10-bk-03585-ABB |

## ORDER DIRECTING JOINT ADMINISTRATION OF CASES

THIS CASE came on for hearing on _____, 2010 ("Hearing") upon the motion ("Motion"), filed on March 5, 2010, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), by the above-captioned debtors and debtors-in-possession (collectively, "Debtors") for the joint administration of the Debtors' chapter 11 cases for procedural purposes only.

Upon consideration of the Motion, the proffer of evidence by counsel for Debtors, and having heard from all parties present at the Hearing, it appears that joint administration is in the best interests of the Debtors' respective estates and creditors and there is sufficient cause to grant the relief requested in the Motion.

Accordingly, for the reasons stated herein, it is hereby

**ORDERED**:

1. The Motion is granted as provided herein.

2. **The Objection is overruled.**

3. The above-captioned chapter 11 cases are hereby consolidated for procedural purposes only and shall be jointly administered by this Court.

4. Nothing contained in this Order or the Motion shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned cases.

5. The lead case for purposes of this joint administration shall be **CELEBRITY RESORTS, LLC; Case No. 6:10-bk-03355-ABB** (the "Lead Case").

6. Pleadings in these Chapter 11 cases shall be required to bear a caption substantially in the form of the caption attached hereto as **Exhibit A**. All papers or pleadings will be docketed in the Lead Case only, with the exception of the Schedules and Statement of Financial Affairs which will be filed in the case of the applicable debtor. When so filed and docketed, the pleading or paper so far as material and applicable will be deemed filed in the other bankruptcy cases as though filed and docketed therein. Accordingly, no pleading or paper after this order is filed and docketed in any of these cases shall be filed and docketed in the other related cases. In instances where the relief requested in a pleading pertains to a specific Debtor or Debtors, the jointly-administered caption shall be modified to indicate the specific Debtor or Debtor to which the pleading or order applies, and the title, as well as the first paragraph, of the pleading or order shall indicate the specific Debtor or Debtors to which it applies. A form of the caption is attached hereto as **Exhibit B**.

7. Counsel for the Debtor shall provide the Clerk of the Court with a combined matrix which consolidates all of the matrices for the Debtors and eliminates duplicate entries, and with a consolidated Local Rule 1007-2 Parties-in-Interest List.

8. A docket entry shall be made in each of the above-captioned cases substantially as follows:

> An order has been entered in this case for the joint administration of the chapter 11 bankruptcy cases of Celebrity Resorts, LLC, Case No. 6:10-bk-_____, and certain of its affiliates and related entities for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The Docket in Case No.: 6:10-bk-

_____ should be consulted for all matters affecting the jointly-administered cases.

10. The debtor shall file one monthly financial report for the Lead Case, which shall include an exhibit listing the nonoperating entities having no income or expenses. A separate monthly financial report shall be filed for each operating entity, and the coversheet for each monthly financial report shall be captioned in the same manner as provided in paragraph 6. The reports will be docketed as provided in paragraph 6 of this order.

11. The clerk will maintain separate claims registers for each case. Any party filing a proof of claim shall indicate on the proof of claim, the case number, and the name of the case in which the debt is owed. The clerk shall also maintain separate claims files for each case. If a proof of claim does not specify the Debtor against whom the claim is asserted, then the claim will be filed in the Lead Case.

12. Any interested party may object to this order within twenty (20) days from the date of service of this order. If an interested party files such an objection within this time period, the Court will schedule the Motion and objection for hearing on notice to the Debtors, the United States Trustee, any committee that may be formed and to its counsel, and to the objecting party.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

**DONE and ORDERED** on

**ARTHUR B. BRISKMAN**
United States Bankruptcy Judge

Copies furnished to:

Debtor: Celebrity Resorts, LLC, Attn: Jared M Meyers, CEO, 8451 Palm Parkway, Orlando, FL 32836;

Martin Stone, General Counsel, Celebrity Resorts, LLC, 8451 Palm Parkway, Orlando, FL 32836;

Debtor's Counsel: R. Scott Shuker, Esq., Latham, Shuker, Eden & Beaudine, LLP, P. O. Box 3353, Orlando, Florida 32802-3353;

Office of the U. S. Trustee, 135 W. Central Boulevard, Suite 620, Orlando, Florida 32801; and

All creditors and parties-in-interest.